## Herhal v. Morrisville School District

*Stewart A. Bernstein,* for plaintiffs.
*Penny Simon Madden,* for defendant.

BORTNER, *J.,* August 19, 1987—Plaintiffs brought an action in trespass against Morrisville

School District as the result of an injury sustained on the playground of M. R. Reiter Elementary School in October 1982. A jury trial was held before the undersigned on June 1 and 2, 1987, in which we granted defendant's motion for a nonsuit. Plaintiff's now appeal that decision to Commonwealth Court.

## FACTS

Plaintiff Michael Edward Herhal sustained the injury during a lunchtime recess when he was playing on a hill with two other boys in front of the school.

The injury consisted of a spiral fracture of the proximal and mid-shaft of the left femur with overriding fractured fragments. Plantiff's injury was apparently caused when he fell on a partially hidden metal pipe sticking out of the ground.

Plaintiff was treated for the injury with a combination of traction and a body cast requiring a confined three-month period in the hospital and at home. Thereafter, plaintiff's mother brought the instant action for damages on behalf of her son, and for herself, in her own right.

## DISCUSSION

Regarding the merits of the appeal in the instant case[1] defendant school district is entitled to the protection and immunity provided to political Subdivisions by the Political Subdivisions Tort Claims Act,

---

1. While it is not for us to decide, we believe that plaintiff has not fulfilled the requirements of Pa.R.C.P. 227.1 by requesting post-trial relief in the form of a written motion for the removal of the nonsuit under Pa.R.C.P. 230.1. *Liquor Control Board v. Willow Grove Veterans Home Ass'n Inc.,* 97 Pa. Commw. 391, 509 A.2d 958 (1986).

42 Pa.C.S. §8501 et seq. Section 8553(c)(2) of the act places a limit on recoverable damages for pain and suffering by forcing plaintiff to prove threshold requirements:

"(c)(2) Pain and suffering in the following instances:

"(i) death; or

"(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500."

The basis for defendant's motion for nonsuit was that plaintiff failed to offer sufficient evidence of permanent loss of a bodily function within the meaning of the act.

A close reading of the transcript reveals that one of plaintiff's friends testified that plaintiff could engage in most normal childhood activity such as soccer, swimming, bike riding, hockey and teeball. He participates in gymnastics and can do cartwheels. His activity in physical education class has not been restricted at all. The treating physician testified that plaintiff had experienced some minimal loss of motion as the result of the injury but he did not translate the loss of motion into any functional disability. Plaintiff did offer evidence of pain and discomfort on an occasional basis.

There is very little appellate guidance regarding what is meant by "permanent loss of a bodily function." In *Savitt v. City of Philadelphia,* 557 F. Supp. 321 (E.D. Pa. 1983), the district court determined that "permanent loss of a bodily function" as used in the act meant that "[plaintiff] as a [proximate] result of the accident can no longer perform a physical act or acts which she was capable of performing prior to the injury proximately resulting from the accident,

and that this loss of bodily function is permanent, that is, that this loss of bodily function will exist for the remainder of her [Mrs. Savitt's] life." The district court rejected defendant's argument that plaintiff must have lost a limb or portion of her body in order to have sustained a loss of bodily function.

A Philadelphia Common Pleas Court in *Owens et ux. v. City of Philadelphia,* 15 Phila. 396 (1986), adopted the definition articulated in *Savitt* and awarded damages to plaintiff who had sustained an injury to his back which permanently reduced the range of motion of his lower back by 20 percent. The court opined that the 20 percent loss constituted a permanent loss of a bodily function.

Given this guidance, we do not feel that plaintiff demonstrated permanent loss of a bodily function to a significant enough degree to meet the threshold intended by the Legislature.

For the foregoing reasons, we granted the nonsuit.