Crystal R. ROBINSON and Crystal Renee Barnes, a minor, by her Parents and Natural Guardian, Crystal R. Robinson, Appellees,

v.

PENNSYLVANIA HOSPITAL, Women and Children's Health Services, Inc., Emily J. Blake, M.D., Barbara Gardner, M.D., and Vivian Yeh, M.D., Appellants.

Superior Court of Pennsylvania.

Argued May 12, 1999.

Filed Aug. 24, 1999.

---

Barbara S. Magen, Philadelphia, for appellants.

Peter C. Gardner, Philadelphia, for appellees.

Before FORD ELLIOTT, MONTEMURO * and TAMILIA, JJ.

MONTEMURO, J.:

¶ 1 This is an appeal from an order granting the motion of Appellee Crystal Robinson to discontinue without prejudice the medical malpractice action brought on behalf of her minor daughter.

¶ 2 In September of 1993, Appellee underwent an abortion procedure performed by Appellants Yeh and Blake at Appellant Hospital to terminate her three month pregnancy. Tissue samples sent for laboratory analysis confirmed that the pregnancy had in fact been terminated. Thereafter, Appellee submitted to mammography to diagnose a lump on her breast, and began taking birth control pills. In November, it was ascertained through an ultrasound that the abortion had been ineffective, and that Appellee was still pregnant. Appellee then decided to carry the pregnancy to term; Appellee Crystal Barnes was born on April 12, 1994 with a deformed left hand.

¶ 3 Suit was commenced on behalf of the minor Appellee in August of 1995, alleging negligence by Appellants in performing the abortion so as to cause the child's deformity. Approximately two years later a petition for discontinuance without prejudice was filed and granted. This appeal followed, raising the sole issue of whether the trial court's decision was in error.

The decision to grant a discontinuance without prejudice rests within the dis-

* Retired Justice assigned to Superior Court.

cretion of the trial court, and the ruling will not be reversed absent an abuse of discretion. In making its determination whether to grant a discontinuance without prejudice, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted. A discontinuance that is prejudicial to the rights of others should not be permitted to stand even if it was originally entered with the expressed consent of the court.

*Foti v. Askinas,* 432 Pa.Super. 604, 639 A.2d 807, 808 (1994) (citations omitted).

¶ 4 Appellants argue that because the Minority Tolling Statute, 42 Pa.C.S.A. § 5533, extends the opportunity of the minor Appellee to prosecute her case for the next fifteen years, they are subject to harsh and undue prejudice, since they may be forced to re-conduct discovery and expend considerable time, effort and money on matters which could, given the nature of Appellee's injuries, be litigated now. They further contend that where an action has already been commenced, the Minority Tolling Statute has no application.

¶ 5 42 Pa.C.S.A. § 5533 reads as follows: (b) Infancy—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such persons shall have the same period for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection the term "minor" shall mean any individual who has not yet attained the age of 18.

¶ 6 In explaining its decision, the trial court reasoned that the Tolling Statute was enacted to protect the rights of minors, a paramount concern in this case. "Denying the dismissal of this matter without prejudice would result in a three year old child losing her right to renew this claim regardless of how extensive her injuries turn out to be." (Trial Ct. Op. at 4). Moreover, the court found Appellants' claim of prejudice unpersuasive. "Since a trial today would require speculation concerning the future, allowing the Plaintiff to determine the extent of her injuries ... is instrumental (sic) to Plaintiff's cause of action and is not prejudicial to Defendants in this instance." (*Id.*)

¶ 7 Our conclusions in this matter are dictated by *Foti, supra,* and *Fancsali v. University Health Center of Pittsburgh,* 700 A.2d 962 (Pa.Super.1997) *appeal granted,* 555 Pa. 744, 725 A.2d 1221, 1998 Pa. LEXIS 1527 (Pa. July 24, 1998). On the basis of the holdings in these cases, we reverse.

¶ 8 *Foti* offers a particularly instructive analogue to the instant case, as there, too, the minor plaintiff was born with severe deformities of one limb, a leg which was amputated approximately a year later. The deformity was attributed to medication prescribed by the defendant for the mother's gestational nausea, but plaintiffs were unable to present an expert who could establish negligence on the part of defendants. Our Court held that discontinuance of the action, which had been commenced five years previously, would provide the plaintiff with an unfair advantage not intended by the Statute, the purpose of which was to give minors only an equal not greater opportunity to bring suit, and would subject the defendants to relitigation of the same case. As Judge Wieand's Concurrence succinctly opined: "To allow the action to be continued without prejudice under these circumstances would be to prejudice defendants unfairly by holding them hostage indefinitely to an unwarranted claim." *Foti,* 639 A.2d at 810.

¶ 9 *Fancsali* presents a similar result albeit under a different set of circumstances. There, the question was whether discontinuance without prejudice was ap-

propriate where the parents alleged their financial inability to pursue the action.

¶ 10 As the result of a streptococcus infection contracted shortly after birth, the minor plaintiff had suffered hypoxia, encephalopathy and other complications. The parents instituted an action for negligence by issuing a writ of summons, but filed no complaint and later sought discontinuance because the discovery expenses were beyond their means. The trial court found that having once chosen to file suit the parents could not then impose unreasonable burdens on the defendants, who would be compelled to "remain in limbo," *Fancsali*, 700 A.2d at 966 (quoting Trial Ct. Op. at 3), until expiration of the plaintiff's minority. This Court agreed, adding that in any event the Minority Tolling Statute was not applicable where suit had been instituted, as "[b]y its very terms, the statute does nothing more than extend the period of time during which an action involving an unemancipated minor may be commenced." [1] *Id.*

¶ 11 Indeed, were the statute to be applied in cases already filed, where the impediment to progress of the litigation is the minor plaintiff's failure to provide discovery, the minor would, contrary to the intent of the statute observed by this Court in *Foti*, be allowed more opportunity than an adult to bring an action rather than the same opportunity. As the court noted in *Foti*, the statute addresses situations in which a minor has no parent or guardian to bring suit on its behalf, or whose parent or guardian may, for any number of perfectly valid reasons, be unwilling or unable to do so. Adults may choose not to exercise their own rights; minors, unable to exercise their rights, require protection until able to make the decision of whether to pursue the matter.

¶ 12 In *Fancsali* and *Foti* various difficulties in providing discovery sufficient to sustain the cause of action provided the

impetus for the discontinuance. The extra time provided would, in the first case, have allowed the Fancsalis additional time to find affordable counsel, and in the second for the Fotis to find an expert. Here, the reason given in the petition to discontinue is the uncertain nature of the injuries to the minor Appellee, on which basis it is asserted that "the full ramifications of minor's injuries with respect to future medical care, future education and future vocation, are difficult to determine without speculation until such time as the minor has at least had experience with school activities and a vocation." (Plaintiffs' Petition To Discontinue And End A Minor's Case at ¶ 6). The trial court accepted this reasoning in the belief that the repercussions of minor Appellee's deformity could not be immediately ascertained. However, the record reveals that as of October of 1996, interrogatories, including expert interrogatories served in September of 1995 had still received no answer. Thus there is nothing in the record to support Appellees' position that the nature or implications of the deformity are uncertain. And, where the injury is objective, palpable, measurable or visible, damages, which are based on actuality not possibility, can be assessed. Should new injuries appear from the original harm, no statute of limitations would bar a subsequent suit for recovery. *Simmons v. Pacor*, 543 Pa. 664, 674 A.2d 232 (1996); *Klein v. Weisberg*, 694 A.2d 644 (Pa.Super.1997). As the court in *Klein* makes clear, however, the *sequelae* for which recovery may be sought later are "permutations" of the original injury, and are distinct from it only temporally, not causally or developmentally. There is nothing in the record to suggest that the minor Appellee is at risk for future injury stemming from her deformed hand. Thus the argument that there might be compensable injuries in the fu-

---

1. "A matter is commenced, for purposes of applying the statutes of limitation, when a document embodying the matter is filed in an office authorized by law to receive the document ..." 2 Standard Pennsylvania Practice 2d § 13:199.

ture cannot be used to suspend litigation for injuries ascertainable now.

¶ 13 As in *Foti*, Appellee's injuries here are not speculative or suppositional; there is no necessity to await their further implications. Because this is so, Appellees would indeed be afforded an unfair advantage were they granted an additional fifteen years to make out a *prima facie* case when they have already begun, and interrupted, the process of doing so. The Tolling Statute, which specifically extends the time only "for commencing an action," was not intended to and does not provide them with such an advantage.

¶ 14 For the reasons given above, we find that the trial court abused its discretion and erred as a matter of law in permitting the case to be discontinued. Therefore, we reverse and remand so that Appellees may withdraw their discontinuance motion. Should they not do so, the trial court shall discontinue the matter with prejudice. *See Foti, supra.*

¶ 15 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.