Lisa TRUESDALE, An Incompetent by Cynthia TRUESDALE, her Guardian,

v.

ALBERT EINSTEIN MEDICAL CENTER, Edwin Feliciano, M.D., Ray Kerlin, M.D., Estelle Loeb, D.O., Thomas Murphy, M.D., Michael Litan, M.D., Benjamin Rush Center for Mental Health/Mental Retardation Services, Inc., and Northwestern Human Services, Inc.

Appeal of Estelle Loeb, D.O.

Superior Court of Pennsylvania.

Argued Oct. 24, 2000.
Filed Jan. 22, 2001.

Sheila A. Haren, Philadelphia, for appellant.

Noreen C. O'Grady, Philadelphia, Truesdale, appellee.

BEFORE: Del SOLE, JOHNSON, and BECK, JJ.

JOHNSON, J.:

¶ 1 Estelle Loeb, D.O., appeals the trial court's order discontinuing Plaintiff's case without prejudice to commence a new action when, and if, Lisa Truesdale (Lisa) becomes competent to testify and tolling the statute of limitations in the interim. Loeb asserts that the discontinuance allows litigation of Lisa's claims for an indefinite period and would irreparably prejudice Loeb's ability to defend the renewed litigation. We agree with Loeb's assertion and, accordingly, we reverse the court's order and remand this matter for further proceedings.

¶ 2 Cynthia Truesdale (Guardian) commenced this action on behalf of her daughter Lisa to recover for injuries Lisa sustained while under the care of the defendants. Lisa is a mentally retarded adult whom Guardian alleges was raped on two occasions in 1995 while a patient at the Benjamin Rush Center for Mental Health/Mental Retardation Services (BRC) and at Albert Einstein Medical Center (Einstein). Prior to these events, Lisa had been deemed incompetent by the Court of Common Pleas of Montour County. Loeb is a psychiatrist at BRC whom Guardian alleges failed to respond appropriately to Lisa's allegations that she had been sexually assaulted by other patients at the defendant institutions.

¶ 3 This matter proceeded to a case management conference before the trial court on January 22, 1998. The court established deadlines of May 3, 1999 for completion of discovery, June 7, 1999 for production of Plaintiff's expert reports, and July 5, 1999 for production of the defendants' expert reports. On March 4, 1999, counsel for one of the defendants served notice of Lisa's deposition. Plaintiff's counsel responded that, for unspecified reasons, Lisa would not be produced for deposition. At a subsequent hearing on the defendants' motion to compel, Plaintiff's counsel asserted that Lisa could sustain further emotional trauma were she required to testify. In response to counsel's representations, the court placed the case on Philadelphia's Deferred Status List, where it remained for over nine months.

¶ 4 On January 20, 2000, the defendants requested that the case be returned to active status, citing prejudice incurred during the stay of the proceedings upon the death of one of Lisa's treating physicians. At a hearing convened on March 14, 2000, counsel for Plaintiffs apprised the court that Lisa's mental condition had not improved and that she could not proceed to trial. Accordingly, the court discontinued Plaintiff's action "without prejudice to be re-opened if [Lisa] is ever declared mentally competent. The Statute of Limitations to be raised only as it could have been initially." Order of Court, 3/14/00 (Sandra Mazer Moss, J.). The record does not reveal whether Guardian requested this course of action. However, she did not object to the court's entry of the order. Loeb filed this appeal.

¶ 5 Loeb raises the following questions for our review:

A. DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION IN DISCONTINUING THE UNDERLYING CASE WITHOUT PREJUDICE TO BE FILED AT ANY TIME WITHOUT APPLICATION OF THE STATUTE OF LIMITATIONS IF LISA TRUESDALE IS DECLARED MENTALLY COMPETENT, SINCE LISA'S GUARDIAN COMMENCED THE UNDERLYING ACTION ON BEHALF OF LISA WITH FULL KNOWLEDGE OF HER MENTAL AND EMOTIONAL INJURIES, SINCE THE ACTION PROCEEDED FOR OVER TWO YEARS WHILE LISA'S GUARDIAN ENGAGED IN EXTENSIVE DISCOVERY AND EXPERT REVIEW ON LISA'S BEHALF AND SINCE LISA'S GUARDIAN WAITED UNTIL THREE MONTHS BEFORE THE DISCOVERY DEADLINE TO RAISE LISA'S MENTAL AND EMOTIONAL CONDITION AS A REASON FOR POSTPONING THE TRIAL, THEREBY CAUSING IRREPARABLE PREJUDICE TO THE HEALTHCARE PROVIDER–DEFENDANTS WHO WILL BE FORCED TO LITIGATE THE MATTER A SECOND TIME AT SOME UNKNOWN POINT IN THE FUTURE?

B. DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN HOLDING A DEFERRED STATUS CONFERENCE AND THEN, AFTER SPEAKING PRIVATELY WITH PLAINTIFF'S COUNSEL, RULING THE PLAINTIFF'S CLAIM WAS DISMISSED WITHOUT PREJUDICE SINCE THE COURT FAILED TO INQUIRE AS TO WHETHER LISA WAS COMPETENT TO TESTIFY, SINCE PLAINTIFF'S ALLEGATIONS WITH RESPECT TO LISA'S MENTAL AND EMOTIONAL CONDITION WERE NOT SUPPORTED BY THE OPINION OF A MEDICAL PROFESSIONAL AND SINCE THE COURT'S ACTIONS WERE DONE WITHOUT PROVIDING DEFENSE COUNSEL WITH AN OPPORTUNITY TO FILE BRIEFS IN OPPOSITION OR EVEN CREATE A RECORD IN OPPOSITION TO THE COURT'S RULING?

Brief for Appellant at 3. Our response to Loeb's first question is dispositive of this appeal. Consequently, we have no occasion to address the merits of her second question. *See Feden v. Consolidated Rail Corp.*, 746 A.2d 1158, 1163 (Pa.Super.2000) (declining to address allegations of error obviated by court's disposition of prior issue on appeal).

¶ 6 Before addressing the merits of Loeb's appeal, we note Guardian's argument that Loeb has waived any issues she might have raised because she failed to object to the trial court's order. Guardian argues that Loeb failed to raise a timely

objection upon entry of the order at the March 14th hearing and is, consequently, attempting to raise an "issue" for the first time on appeal in violation of Pa.R.A.P. 302. *Id.* We find no merit in Guardian's assertion.

¶ 7 "There can be no doubt that [pursuant to the provisions of Rule 302] issues not raised in the lower court are waived and cannot be raised for the first time on appeal." *Commonwealth, Liquor Control Bd. v. Willow Grove Veterans Home Ass'n, Inc.,* 97 Pa.Cmwlth. 391, 509 A.2d 958, 961 (1986). Our courts have recognized, however, that the order of the trial court by which an appellant is aggrieved is not an "issue" as contemplated by the Rule. *See id.* "An 'issue' is a disputed point or question on which parties to an action desire the court to decide. The 'order' is the decision of the court on the 'issue'." *Id.* Accordingly, Rule 302 does not compel counsel to lodge an objection specifically to the trial court's entry of the order. *See id.* Counsel may remain silent upon entry of the order subject thereafter to the timeliness of the notice of the appeal and compliance with the trial court's direction to file a Concise Statement of Matters Complained of on Appeal. *See id. See also* Pa.R.A.P. 903(a), 1925(b), (respectively). In this case, Loeb both filed a timely notice of appeal and complied with the trial court's order to file a Concise Statement. Consequently, we find the issues raised in her Statement of the Questions Involved adequately preserved for our review. *See Willow Grove,* 509 A.2d at 961.

¶ 8 In her first question on appeal, Loeb challenges the trial court's discontinuance of Plaintiff's action. Although the record bears no indication that Guardian filed a motion requesting a discontinuance, she raised no objection to the court's order. Accordingly, we will review the order as one granting a request for discontinuance. Our standard of review of a trial court's order granting a request for discontinuance is limited to abuse of discre-

tion. *See Failor v. Westex, Inc.,* 413 Pa.Super. 343, 605 A.2d 390, 393 (1992). "An abuse of discretion occurs when the [trial] judge misapplies the law or exercises his [or her] judgment in a manner that is manifestly unreasonable or the result of bias, prejudice or ill will." *Johnson v. Henkels & McCoy, Inc.,* 707 A.2d 237, 239 (Pa.Super.1997).

¶ 9 Most recently, our Supreme Court has explained that a trial court's decision to grant a voluntary discontinuance is subject to the considerations for striking a discontinuance specified in Pa. R.C.P. 229(c). *See Fancsali v. University Health Center of Pittsburgh,* 761 A.2d 1159, 1161–62 (Pa.2000). Thus, when granting discontinuance of a plaintiff's action, the trial court must consider the extent to which the discontinuance poses "unreasonable inconvenience, vexation, harassment, expense or prejudice" to other parties. *See id.* (quoting Pa.R.C.P. 229(c)). We have instructed similarly that:

> In making its determination whether to grant a discontinuance without prejudice, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted. A discontinuance that is prejudicial to the rights of others should not be permitted to stand even if it was originally entered with the expressed consent of the court.

*Robinson v. Pennsylvania Hosp.,* 737 A.2d 291, 293 (Pa.Super.1999) (quoting *Foti v. Askinas,* 432 Pa.Super. 604, 639 A.2d 807, 808 (1994)). To determine whether opposing parties are in fact prejudiced by a discontinuance, our courts have considered, *inter alia,* the length of time for which the case had been pending, the effort and expense those parties have incurred in discovery, and the disadvantage imposed by the passage of additional time on the parties' ability to litigate the claim.

See Fancsali, 761 A.2d at 1164–65; Foti, 639 A.2d at 809.

█ ¶ 10 In this case, Loeb argues that she is prejudiced by the discontinuance because the court's order purports to hold the statute of limitations in abeyance until Lisa is deemed competent to proceed. Loeb argues that because Guardian can provide no timetable for when, if ever, Lisa will regain legal competence, the court's order effectively extends the limitations period indefinitely and so causes the defendants extreme prejudice. Upon consideration of the posture of this litigation prior to the discontinuance, as well as encumbrances imposed on Loeb's ability to defend subsequent litigation after the passage of a potentially long, but indeterminate period of time, we conclude that Loeb has demonstrated a substantial likelihood of undue prejudice. Accordingly, we are compelled to conclude that the trial court abused its discretion in discontinuing Plaintiff's case without prejudice while effectively suspending the statute of limitations.

¶ 11 The record shows, first, that the parties have expended substantial effort and expense in the process of litigation to defend an action that Guardian commenced with knowledge of Lisa's incapacity. Guardian acknowledges that Lisa's incompetence has been recognized since 1990, when the Court of Common Pleas of Montour County placed Guardian in charge of Lisa's affairs. Notwithstanding Lisa's incompetence, Guardian, in 1997, commenced this action and litigated Lisa's claims for almost three years prior to the discontinuance. The pleading process was extensive, based on a complaint seventy-seven pages in length, consisting of seventeen counts and 205 individual allegations. The complaint spawned preliminary objections as well as answers, new matter, and cross-claims by each of the multiple defendants. Although Plaintiff contends that Loeb did not conduct an extensive amount of discovery, she fails to reconcile the expense incurred by Loeb and other defendants to respond to Plaintiff's discovery. Moreover, Plaintiff fails to cite any authority that permits the trial court to discontinue an action because the defendant did not initiate a substantial amount of discovery. Ultimately, we cannot ignore the fact that when the defendants did attempt to depose Lisa, arguably the single most important witness in this case, Guardian asserted Lisa's inability to testify based on factors that, ostensibly, were known at the commencement of the litigation.

¶ 12 Notwithstanding the expenditure of resources in the current action, we conclude that the trial court's order, by its own terms, creates a level of prejudice untenable for Loeb or any other defendant. Loeb argues, and we agree, that the court's extension of the limitations period to resume running only when Lisa regains competence effectively negates the statute of limitations. See Robinson, 737 A.2d at 293; Foti, 639 A.2d at 809. In support of her argument, Loeb relies, in part, on Fancsali v. University Health Center of Pittsburgh, 700 A.2d 962 (Pa.Super.1997). However, since the parties' briefing for this appeal, our Supreme Court has reversed the decision in Fancsali. See 761 A.2d 1159. The Court found error in the trial court's refusal to grant a discontinuance of the plaintiffs' action without prejudice to the injured minor to commence an action upon reaching majority. Id. at 1163. The Court concluded that both the trial court and the Superior Court had failed to accord the proper effect to the Minority Tolling Statute, because the passage of time prior to the resumption of litigation that we found prejudicial, is precisely what the Statute contemplates. Id. at 1163–64. However, because the Minority Tolling Statute does not extend limitations periods for litigants deemed legally incompetent, it has no application to the case before us. See 42 Pa.C.S. § 5533(a) ("Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter."). Conse-

quently, the Supreme Court's decision in *Fancsali* is not dispositive of this appeal. Rather, the concerns we have expressed in prior decisions continue to guide our deliberation. *See Robinson,* 737 A.2d at 293; *Foti,* 639 A.2d at 809. Stated simply, discontinuance of a plaintiff's action without prejudice, subject neither to the statute of limitations or the Minority Tolling Statute, unfairly prejudices defendants by holding them hostage indefinitely to a claim that the plaintiff may never be able to prove or even, as here, to prosecute. *See Robinson,* 737 A.2d at 293 (quoting *Foti,* 639 A.2d at 810 (Wieand, J., concurring)). Such a result, indisputably, contravenes the policy underlying all statutes of limitation. *See Foti,* 639 A.2d at 810 (quoting *Insurance Co. of North America v. Carnahan,* 446 Pa. 48, 284 A.2d 728, 729 (1971)) ("The purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may *greatly prejudice the defense of such claims.*") (emphasis in *Foti* ).

¶ 13 The lapse of time is not to be considered where the plaintiff suffers the legal "infirmity" of minority and so is protected by the Minority Tolling Statute. *See Fancsali,* 761 A.2d at 1163–64. Nevertheless, time remains to be considered where, as here, the plaintiff is an adult and her infirmity is not merely a matter of law. Neither the trial court nor the parties can conclude that a person whose legal infirmity is complicated by psychological debility that prevents her pursuit of her claims in the present, will regain the ability to pursue her claims. Unlike a minor plaintiff, who will achieve majority within a certain, measurable period of time, a person prevented by psychological debility from prosecuting her case can neither guarantee nor predict her return to health. Thus, a discontinuance based on such a circumstance, like the one in this case, unfettered by the statute of limitations, is inherently prejudicial to a defendant's ability to mount a defense. *See Schmucker v. Naugle,* 426 Pa. 203, 231 A.2d 121, 123 (1967) (explaining that statutes of limitations exist to limit prejudice accrued, as passage of time "destroy[s] evidence of rights"). Because the trial court's order effectively eviscerates the statute of limitations and saddles the defendants with the untenable task of defending the underlying claims indefinitely, we are compelled to reverse the court's order and remand this case for further proceedings not inconsistent with this Opinion.

¶ 14 Order **REVERSED.** Case **RE-MANDED** for further proceedings not inconsistent with this Opinion. Jurisdiction **RELINQUISHED.**

¶ 15 BECK, J. files a concurring statement.

BECK, J., Concurring:

¶ 1 I join in the majority's opinion. However, I write separately to recognize that the majority's disposition leaves the trial court with several unarticulated and unspecified options for further proceedings. Upon remand, I would direct the trial court to place this case on the active list. Furthermore, since plaintiff's counsel has the ability to obtain information as to the condition of Lisa, I would order plaintiff's counsel to file a report in the trial court on the mental status of Lisa forthwith, and direct the trial court to hold a hearing on this matter in accordance with this opinion.