Frank MARRA and Lydia
Marra, Appellee

v.

SMITHKLINE BEECHAM
CORPORATION,
Appellant.

Nancy Vroom, Appellee

v.

Smithkline Beecham Corporation.

Jonathan & Lorinda Taylor,
H/W Appellees

v.

Smithkline Beecham Corporation,
Appellant.

Superior Court of Pennsylvania.

Argued Oct. 23, 2001.
Filed Dec. 28, 2001.

Leslie E. John, Philadelphia, for appellant.

Stephen A. Sheller and Albert J. Brooks, Philadelphia, for appellees.

Before JOHNSON, TODD, and KELLY, JJ.

KELLY, J.

¶ 1 In this appeal we must decide whether a plaintiff may voluntarily discontinue a case where the discontinuance ultimately allows the plaintiff to avoid a previous jury trial waiver. We hold that under the applicable rules of civil procedure, a plaintiff may voluntarily discontinue a case so long as the discontinuance does not subject any party to unreasonable inconvenience, vexation, harassment, expense, or prejudice, even where the effect of the discontinuance is to avoid a previous jury trial waiver. Accordingly, we affirm.

¶ 2 The trial court set out the relevant facts and procedural history of this appeal as follows:

On June 12, 2000, [Appellees] commenced [these actions] by filing complaint[s]. The complaint[s] alleged that [Appellees] were injured in various ways by a Lyme disease vaccine manufactured by [Appellant] SmithKline Beecham Corporation. Included with [Appellees'] complaint[s were] civil trial cover sheet[s] on which [Appellees] checked a box marked, "non-jury." As a result, the case[s were] listed in the major non-jury trials program.

After [Appellant] had answered the complaint[s] and asserted new matter defenses, and [Appellees] had replied to the new matter, but before discovery had closed, on November 17, 2000, [Appellees] voluntarily discontinued [these] action[s]. Three days later, on November 20, 2000, [Appellees] instituted new suit[s] against [Appellant] on the same cause of action. In the new action, [Appellees] elected to proceed before a jury. [Appellees] followed this procedure because [Appellant] refused to agree to allowing [Appellees] to demand a jury trial in the first action. Other than the jury trial demand, in all other material respects the first and second actions were identical.

On December 5, 2000, [Appellant] petitioned pursuant to Pa.R.C.P. 229(c) to strike the discontinuance[s]. [Appellees] responded to the petition, and on January 19, 2001, [the trial court] refused the petition. On February 5, 2001, [Appellant] timely filed Notice[s] of Appeal.

(Trial Court Opinion, dated May 7, 2001, at 1–2).

¶ 3 Appellant raises the following issues on appeal:

WHETHER [APPELLANT'S] PETITIONS TO STRIKE OFF [APPELLEES'] VOLUNTARY DISCONTINUANCES SHOULD BE GRANTED, IN LIGHT OF [APPELLEES'] IMPROPER MOTIVES FOR SEEKING DISCONTINUANCES, THAT IS, THE AVOIDANCE OF [APPELLEES'] WAIVER OF JURY TRIALS, AND FILING SECOND SUITS FOR THE SAME CAUSE OF ACTION WITH JURY DEMANDS[?]

WHETHER [APPELLANT'S] PETITIONS TO STRIKE OFF [APPELLEES'] VOLUNTARY DISCONTINUANCES REQUIRE EVIDENTIARY HEARINGS TO PERMIT [APPELLANT] TO SHOW THAT [APPELLEES] SOUGHT DISCONTINUANCES BECAUSE THEY HAD FAILED TO DEMAND JURY TRIALS WITHIN THE PRESCRIBED TIME PERIOD[?]

(Appellant's Brief at 2).

¶ 4 Initially, we note that our standard of review of a trial court's order denying a petition to strike off a discontinuance is well-settled. "The decision to grant a discontinuance without prejudice rests within the discretion of the trial court, and the ruling will not be reversed absent an abuse of discretion." *Robinson v. Pennsylvania Hosp.*, 737 A.2d 291, 292–93 (Pa.Super.1999) (quoting *Foti v. Askinas*, 432 Pa.Super. 604, 639 A.2d 807, 808 (1994)). A party challenging a trial court's exercise of discretion has a heavy burden. *Fancsali v. University Health Center of Pittsburgh*, 563 Pa. 439, 761 A.2d 1159 (2000).

It is not sufficient to persuade the appellate court that it might have reached a different conclusion under the same factual situation. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Id.* at 445, 761 A.2d at 1162 (quotation marks omitted).

¶ 5 Appellant argues that under Pa. R.C.P. 1007.1, Appellees waived their right to a trial by jury when they failed to file jury trial demands within twenty days from the date the pleadings were closed. Appellant contends that Appellees should not be permitted to circumvent their jury trial waivers by voluntarily discontinuing their cases and refiling them with proper jury trial demands. Appellant also argues that it is entitled to an evidentiary hearing to establish that Appellees discontinued their cases specifically to avoid their waiver of a jury trial. Appellant concludes that the trial court erred when it denied Appellant's petition to strike off the discontinuances. We disagree.

¶ 6 A discontinuance is the exclusive method of voluntarily terminating an action before a trial has commenced. Pa. R.C.P. 229(a). Once a case has been discontinued, "the plaintiff may commence a second action upon the same cause of action," so long as the statute of limitations on the second action has not expired. Pa. R.C.P. 231; *Williams Studio Div. Of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.*, 380 Pa.Super. 1, 550 A.2d 1333 (1988), *appeal denied,* 527 Pa. 588, 588 A.2d 510 (1990). Upon petition, the trial court has authority to strike off a discontinuance to "protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P. 229(c); *Foti, supra.* "To determine whether opposing parties are in fact prejudiced by a discontinuance, our courts have considered, *inter alia,* the length of time for which the case has been

pending, the effort and expense those parties have incurred in discovery, and the disadvantage imposed by the passage of additional time on the parties' ability to litigate the claim." *Truesdale v. Albert Einstein Medical Center,* 767 A.2d 1060, 1063 (Pa.Super.2001).

■ ¶ 7 In the instant case, Appellees initiated their cases as non-jury matters. When Appellees later decided they wanted jury trials, Appellant declined to accede to the jury trials on the basis that Appellees had waived that right under Rule 1007.1. As a result, Appellees discontinued their actions and refiled the exact claims, this time with jury trial demands. There are no substantial differences between Appellees' old and new actions, except that the new actions contained jury trial demands. *See Truesdale, supra.* The discontinuance of the old actions and commencement of the new actions did not require additional discovery. *Id.* The cases could proceed almost uninterrupted by the discontinuances, and the previous labor on the old matters could be wholly applied to the new cases. *Id.* Ultimately, the disposition of Appellees' claims would not have been substantially delayed, had Appellant not filed the instant appeals. *Id.* Thus, Appellant cannot show that the discontinuances have unreasonably subjected Appellant to inconvenience, vexation, harassment or expense. *See* Pa.R.C.P. 229(c); *Truesdale, supra; Foti, supra.* Additionally, Appellant cannot show that it has been prejudiced by Appellees' discontinuances. *Id.*

■ ¶ 8 Appellant's assertion that Rule 1007.1 will be rendered inoperable by allowing Appellees to discontinue their actions is misplaced. Although a party may avoid its jury trial waiver by voluntarily discontinuing its case and commencing a second action anew, no party is permitted to do so if the effect of the discontinuance is to otherwise burden the opposing party

with unreasonable inconvenience, vexation, harassment, expense or prejudice. *Id.* Moreover, no party can successfully avoid a jury trial waiver through such a procedure where the statute of limitations has run. *See Williams by Tallas, supra.* Thus, a party will only be able to overcome its jury trial waiver where that party discontinues its case early in the proceedings, so that the opposing party is not unreasonably harassed, delayed or prejudiced. Such a result is neither inequitable nor unfair, where the opposing party suffers no prejudicial effects.

■ ¶ 9 Rules 229 and 231 do not consider the motives behind the discontinuance or commencement of a second action, unless the motive is to harass the opposing party. *See* Pa.R.C.P. 229, 231. Thus, where the discontinuance of the non-jury action does not prejudice the opposing party, that discontinuance should not be stricken. This is so, even where the discontinuance and commencement of a second action allows a party to avoid its waiver of a jury trial. Thus, a hearing to determine whether Appellees discontinued their actions specifically to avoid the jury trial waiver is unnecessary, as the impetus for discontinuing a case is irrelevant, unless it is to harass the opposing party. *See generally McCrory v. Abraham,* 441 Pa.Super. 258, 657 A.2d 499 (1995), *appeal denied,* 544 Pa. 652, 676 A.2d 1194 (1996) (stating hearing not necessary where disputed facts are irrelevant to court's disposition).

¶ 10 Based upon the foregoing, we conclude that the trial court properly exercised its discretion when it denied Appellant's petition to strike Appellees' discontinuances, because a plaintiff may voluntarily discontinue a case so long as the discontinuance does not subject any party to unreasonable inconvenience, vexation, harassment, expense, or preju-

dice, even where the effect of the discontinuance is to avoid a previous jury trial waiver. Accordingly, we affirm the orders of the trial court.

¶ 11 Orders affirmed.