J-A06016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DENNIS MILSTEIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THE TOWER AT OAK HILL CONDOMINIUM ASSOCIATION AND LOWER MERION TOWNSHIP | |
| APPEAL OF: THE TOWER AT OAK HILL CONDOMINIUM ASSOCIATION | |
| | No. 1355 EDA 2014 |

Appeal from the Order Entered March 26, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2004-27339

------------------------------------------------------------------------

| | |
|---|---|
| LOWER MERION TOWNSHIP AND DENNIS MILSTEIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THE TOWER AT OAK HILL CONDOMINIUM ASSOCIATION | |
| Appellant | No. 1356 EDA 2014 |

Appeal from the Order Entered March 26, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-13285

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                        **FILED JUNE 18, 2015**

In this consolidated appeal, The Tower at Oak Hill Condominium Association ("Tower") challenges the order entered on March 26, 2014, in the Court of Common Pleas of Montgomery County, that (1) denied Tower's motion to strike the discontinuance, without prejudice, of Count I of Dennis Milstein's Fourth Amended Complaint, filed at Docket No. 2004-27339 ("Milstein action"), and (2) denied Tower's motion to stay or dismiss the action instituted by Lower Merion Township ("Township"), filed at Docket No. 2013-13285 ("Township action"). Based upon the following, we affirm the portion of the order that denied Tower's motion to strike discontinuance, and we quash the appeal as to the portion of the order that denied Tower's request for a stay of the Township action.

Briefly, the underlying case involves lengthy litigation over water runoff onto Milstein's property. Milstein's action sought actual damages and injunctive relief against Tower, and actual damages against the Township. Zurich American Insurance Company (Zurich), Tower's insurer, responded to the Milstein action. Tower maintains that the discontinuance without prejudice of Count I of the Fourth Amended Complaint in the Milstein action — an equity claim for injunctive relief — resulted in prejudice to Tower that requires the trial court to strike the discontinuance. Specifically, Tower claims the discontinuance caused the loss of its insured defense by Zurich and the services of its Zurich-appointed attorney, Lisa Bellino Apelian, Esquire, and allowed Milstein the opportunity to intervene in the Township

action and file another equity claim for injunctive relief outside the Zurich policy. On appeal, Tower claims the trial court abused its discretion by (1) "finding that a non-party, [Zurich], 'would not defend the Tower for Count I of the Fourth Amended Complaint,'" (2) "refusing to strike the discontinuance of Count I of the Fourth Amended Complaint in the Milstein action," (3) "ruling that Tower had the 'burden' of establishing that a non-party, Zurich, was legally obligated to provide a defense and indemnity for equity claims against the Tower as a prerequisite to a striking of the Discontinuance," and (4) "refusing to enjoin the Township action."[1] Tower's Brief at 4-5.

The trial court succinctly summarized the background of this case as follows:

> In 2004, property owner Dennis Milstein initiated suit against the Tower at Oak Hill Condominium Association and Lower Merion Township, docketed at No. 2004-27339 (the "Milstein Action"). In his Fourth Amended Complaint, Milstein alleged that his residence had been damaged as a result of floods and mudslides caused by inadequacies in the water drainage system of the neighboring Tower at Oak Hill Condominium Association (the "Tower"), which is situated at the top of a hill on which Milstein's residence occupies the lower

---

[1] Tower timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement. We further note some issues Tower raised in this appeal are in direct response to the trial court's Rule 1925(a) opinion, and are properly before this Court. *See Commonwealth v. Poncala*, 915 A.2d 97, 98 (Pa. Super. 2006) (holding appellant will not be penalized for failure to include in the Pa.R.A.P. 1925(b) statement an issue that could not be known until court filed its Rule 1925(a) opinion).

slope. Milstein filed six counts against the Tower, one in equity and five in law. In addition, Milstein filed six counts against Lower Merion Township, alleging that the Tower's storm drainage network was connected to piping that received water from an inlet owned by the Township, and that the water collected on the inlet passed through Tower's drainage network and thus contributed to the damage to Milstein's property.

At the time of the Milstein Action, the Tower had a general commercial liability insurance policy with Zurich American Insurance Company. As such, Zurich provided legal counsel to the Tower to defend the claims against it that were at law, i.e., Counts II through VI. However, Zurich notified the Tower via multiple reservations of rights letters that it would not defend the Tower for Count I of the Fourth Amended Complaint since the applicable insurance policy did not cover claims in equity. As such, the Tower obtained counsel Robert Mulhern to represent it specifically for the equity action.

On May 31, 2013, Lower Merion Township filed a separate action against the Tower by way of a complaint docketed at No. 2013-13285 (the "Township Action"), alleging therein that the Tower violated the Deed of Easement that they executed with the Association's predecessors in title. Specifically, the Township alleges that the Tower refused, despite repeated demands, to repair piping utilized by the Township for storm water runoff within its easement on the Tower's property. The piping, alleges the Township, is in a dangerous condition, posing a risk of injury to nearby persons, in addition to soil erosion and damage to nearby Mill Creek Park. As such, the Township requests a mandatory injunction requiring the Tower to make all necessary repairs to the piping.

The 2004 Milstein Action was litigated thoroughly for years and settlements between the parties were reached. Milstein settled all counts against the Township, and also settled for $225,000 the five counts of his complaint that were for monetary damages against the Tower. In addition, Milstein discontinued the remaining count against the Tower, which was the count in equity, Count I. Thereafter, the Tower filed a motion to strike the discontinuance of Count I of the Milstein Action and to schedule that matter for trial immediately. The Tower also requested that the Township Action be dismissed or stayed.

Thereafter, Milstein filed a petition to intervene in the Township Action. In its proposed complaint and motions, Milstein sought (1) a mandatory injunction requiring the Tower to make and have all necessary repairs to and replace all broken pipes in the Tower Water System, within thirty days of the court's order; (2) an injunction restraining and enjoining the Tower from further flooding Milstein's property with water from the Tower; and (3) an award of attorney fees and costs; (4) an award of punitive damages;  and (5) such other relief against Tower that the court deems proper.

Oral argument on both Milstein's petition to intervene and the Tower's motion to compel depositions and documents was held on February 11, 2014. This court later granted Milstein's petition to intervene in the Township Action and denied the Tower's motion to compel.

Thereafter, on March 10, 2014, this court held a hearing on the Tower's motion to strike the discontinuance and stay Civil Action 2013-13285, the Township Action, which this court later denied by order dated March 26, 2014. …

Trial Court Opinion – Milstein Action [Docket No. 2004-27339], 6/30/2014, at 1–3; Trial Court Opinion – Township Action [Docket No. 2004-27339], 6/30/2014, at 1–3.

Tower's first three issues challenge the trial court's denial of Tower's motion to strike the discontinuance of Count I of Milstein's Fourth Amended Complaint, and we address them together.

Pennsylvania Rule of Civil Procedure 229(c) states, in relevant part: "The court … may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."  Pa.R.C.P. 229(c). The standard of review is abuse of

- 5 -

discretion. ***Fancsali v. University Health Center***, 761 A.2d 1159, 1162

(Pa. 2000). In this regard, we note:

> When the trial court reaches a conclusion calling for the exercise of its discretion, the party complaining on appeal has a ***heavy burden***. It is not sufficient to persuade the appellate court that it might have reached a different conclusion under the same factual situation. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused."

***Id.*** at 1162 (citations omitted) (emphasis added).

Initially, Tower contests the trial court's finding "that Zurich would not

defend Tower for Count I of the Fourth Amended Complaint."[2] Tower's Brief

at 31. Tower continues:

> To the contrary, at all times material, (1) Zurich represented that it would provide an insured defense for all of the claims in the Milstein Action, including the Injunction Claim in Count I of the Fourth Amended Complaint, and (2) Zurich in fact provided the insured defense throughout the Milstein action, as Attorney Apelian at all times represented Tower in the Milstein Action as to all claims, including the Count I Injunction Claim.

***Id.*** at 31–32. Tower also challenges the trial court's finding that Tower had

the "burden" to establish that Zurich would have indemnified Tower in the

---

[2] Trial Court Opinion – Milstein Action [Docket No. 2004-27339], 6/30/2014, at 2; Trial Court Opinion – Township Action [Docket No. 2004-27339], 6/30/2014, at 2.

event that an injunction was issued in the Milstein action. Tower's Brief at 48. In this regard, the trial court wrote:

> The Tower argues, without supporting legal authority, that Zurich American Insurance Company, the general liability insurance company for the Tower, is legally obligated to provide a defense and indemnity for equity claims against the Tower. But because the Tower is not able to sustain its burden of proof that it was entitled to insurance coverage, its petition to strike the discontinuance should be denied.

Trial Court Opinion – Milstein Action [Docket No. 2004-27339], 6/30/2014, at 4–5 (footnote omitted); Trial Court Opinion – Township Action [Docket No. 2004-27339], 6/30/2014, at 4–5. Tower maintains the issue of whether Zurich had a duty to indemnify Tower in the event that Milstein was successful in obtaining relief on the Count I injunction claim was not ripe, and would have been determined in a post-judgment action between Tower and Zurich. *See* Tower's Brief, at 49.

In 2004, when Tower was served with Milstein's suit, Tower made an insurance claim against its insurer, Zurich. Zurich responded to the claim on October 26, 2004, stating, in pertinent part:

> Zurich American Insurance Company and the attorney assigned to represent The Tower at Oak Hill Condominium Association will fully defend the complaint under this policy. However, the Petition for Mandatory Injunction does not make any claim for "property damage", "bodily injury", "personal injury" or "advertising injury". Therefore, it does not meet the definition of "suit" in the policy and we cannot respond to that portion of this action. It is our understanding that the association's attorney Robert M. Mulhern will respond to that portion of the action, at your cost.

On reviewing the Complaint, you will note in Count One the plaintiff makes a claim in equity which states a claim for injunctive relief, already addressed in the Petition. The policy does not apply to this count and Mr. Mulhern will handle this portion of the complaint, at your cost.

\*\*\*\*

Based upon the above listed insuring agreement, exclusions, and definitions, it is the position of Zurich American Insurance Company that this policy does not apply to the allegations presented in the Petition for Mandatory Injunction, or in Count One or Count V of the complaint. Zurich American Insurance Company will not pay any award, verdict, or judgment entered against The Tower at Oak Hill Condominium Association based on the Petition for Mandatory Injunction or Count One of the complaint. Consequently, The Tower at Oak Hill Condominium Association could become required to satisfy any such verdict. We will, however, continue to defend and indemnify based on the allegations in Counts 2, 3 and 4 of the complaint.

Therefore, you have chosen to retain your own attorney, Robert M. Mulhern, at your own expense, to advise you and to protect your interests not covered by this policy. Zurich American Insurance Company and the attorney designated to represent you will cooperate with that counsel.

Letter from Zurich to Tower, 10/26/2004, at 5–6. Zurich sent three more similar letters, on February 1, 2011,[3] January 22, 2013,[4] and June 3, 2013.

_____

[3] The February, 2011 letter is dated "February 11, 2011" on the first page and includes a header on the succeeding pages with the date "February 1, 2012."

[4] The January, 2013 letter is dated "January 22, 2013" on the first page and includes a header on the succeeding pages with the date "January 23, 2013."

The letters contained nearly identical language and reiterated Zurich's position.

In each letter, Zurich disclaimed coverage for Count I of Milstein's Fourth Amended Complaint on the grounds that the policy did not cover claims in equity for injunctive relief. Furthermore, Zurich's letters confirmed that Tower had retained Robert Mulhern, Esquire, "at your own expense, to advise you and to protect your interests not covered by this policy." Letters from Zurich to Tower, 10/26/2004, at 6; 2/1/2011, at 6; 6/3/2013, at 7; *see also* Letter from Zurich to Tower, 1/22/2013/, at 7. Therefore, contrary to Tower's assertions, the Zurich correspondence does not state it will defend Tower against all claims raised by Milstein. Rather, the correspondence states it will defend against only those claims that fit coverage definitions. The correspondence acknowledges Tower has retained its own counsel to represent its interests regarding the equitable claims.

Tower contends that "over nine years of litigation, only [Lisa Bellino] Apelian actively litigated the Count I Injunction Claim on Tower's behalf,"[5] and that "Mulhern, who is a transactional condominium lawyer, never took any such action." Tower's Brief at 33. However, while Tower downplays the role of its counsel, the certified record reflects that Mulhern or another

_____

[5] On November 12, 2004, Apelian entered her appearance for Tower in the Milstein action.

member of Steven L. Sugarman & Associates was involved to represent Tower during the course of the Milstein action.[6]

In addition to Zurich expressly disclaiming coverage under the policy for Count I of Milstein's Fourth Amended Complaint, and Tower retaining its own counsel for the equity claim in Count I, any obligation Zurich had to defend Tower from the equity claims ended when Milstein's legal claims were settled. *See Erie Insurance Exchange v. Transamerica Insurance Company*, 533 A.2d 1363, 1368 (Pa. 1968) ("If the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery the policy does not cover.").

In sum, we find Tower's claim that the discontinuance caused the loss of its insured defense on the equity claim in Count I is belied by Zurich's

---

[6] On November 4, 2004, prior to Zurich's appointment of Apelian, Scott R. Reidenbach of the Sugarman law firm argued against Milstein's first Motion for Injunctive Relief, filing an Answer with New Matter in response to the Injunction Motion, a memorandum of law, and appearing in the trial court on the Motion. *See* N.T., 11/4/2004.

Kevin Kelly of the Sugarman firm appeared with Lisa Bellino Apelian at the November 3, 2011 mandatory injunction hearing. *See* N.T., 11/3/2011. We note the court instructed that one attorney was to participate, *id.* at 27, and Apelian litigated the motion, with Kelly present.

Steven Sugarman and Mulhern were present on June 3, 2013 via conference call when the Settlement Agreement was placed on the record in the trial court. *See* N.T., 6/3/2013.

correspondence, which never promised representation or indemnity on anything but the legal claims set forth against Tower in the Milstein action. Tower cannot have lost its insured defense for Count I of the Milstein action where Tower never had representation provided by Zurich for the equity claim in Count I. Furthermore, Tower accepted Zurich's position, and had its own counsel for representation at various hearings where injunctive relief was at issue. Finally, when the legal claims settled, Zurich no longer had any obligation to represent Tower on Count I of the Milstein action. Accordingly, we conclude the record supports the trial court's findings that Zurich "would not defend the Tower for Count I of the Fourth Amended Complaint" and that Tower was not "able to sustain its burden of proof that it was entitled to insurance coverage."

Next, we address Tower's contention that the trial court abused its discretion in refusing to strike the discontinuance of Count I of the Milstein action. Specifically, Tower asserts the trial court should have considered:

> … Tower was subject to an unjust disadvantage because it lost its insured defense, and its Zurich-appointed attorney Apelian who represented Tower for the previous nine years, due to the Discontinuance (which resulted in there being no "suit" pending), such that when the same claims were re-filed in a later-filed action, Tower was without its attorney and its insured defense, causing the Discontinuance to be inherently prejudicial to Tower's ability to mount a defense. On this basis alone, the Trial Court abused its discretion in refusing to strike the Discontinuance. Beyond that issue, in refusing to strike the Discontinuance, the trial court refused to consider, *inter alia*, the following relevant factors that must be considered under a Rule 229(c) analysis:

- 11 -

- The nine (9) year period during which the Milstein action was pending;

- The significant time and expense spent litigating the Milstein Action, the significant discovery that was taken in that action, and the significant motion practice in that action;

- The fact that the Township Action was filed to avoid the effect of a dispositive ruling in the Milstein Action that Milstein was not entitled to a permanent injunction;

- The "real world" consequences to Tower of the loss of an insured defense and the attorney (Apelian) who had litigated all aspects of the Milstein action, including the Injunction Claim, for the past nine years; and;

- The loss of a substantial right of Tower, in that the Discontinuance denied Tower the ability to make a claim for insurance coverage in the event Milstein was successful in obtaining an injunction under Court I.

Tower's Brief, at 34–35.[7]

In reviewing this claim, we are mindful that "[t]he causes which will move the court to withdraw its assumed leave and set aside the discontinuance … usually involve some unjust disadvantage to the defendant or some other interested party[.]" **Fancsali, supra**, 761 A.2d at 1162.

Moreover, we note:

To determine whether opposing parties are in fact prejudiced by a discontinuance, our courts have considered, *inter alia,* the length of time for which the case has been pending, the effort and expense those parties have incurred in discovery, and the

---

[7] We note the trial court was fully aware of Tower's position and all relevant considerations, which Tower presented during oral argument on the motion to strike the discontinuance. **See** N.T., 3/10/2014.

> disadvantage imposed by the passage of additional time on the parties' ability to litigate the claim.

**Marra v. Smithkline Beecham Corp.**, 789 A.2d 704, 706–707 (Pa. Super. 2001), *appeal denied*, 815 A.2d 1042 (Pa. 2003) (quotations and case citations omitted). If the passage of additional time does not disadvantage a party, and the labor in the discontinued litigation is applicable to a substantially similar new suit, the parties will not suffer prejudice. **See id.** at 707.

Here, Tower's claim of prejudice in the loss of its insured defense must be analyzed in light of whether Tower had an insured defense for the equitable claim in Count I of the Milstein action. While Tower may have had an expectation of an insured defense for Court I, as discussed, Zurich made no promise to Tower on anything but the legal claims and had no duty to Tower after the legal claims against Tower were settled. Tower did not lose what it did not have in the first place. Further, although Tower argues prejudice in that it lost a potential claim for insurance coverage in the event Milstein was successful in obtaining an injunction, Tower accepted Zurich's position that the insurance coverage under the policy did not extend to the equity claim in Count I of the Milstein action and had its own counsel involved throughout the Milstein action for the equity claims.[8]

---

[8] Milstein notes in his brief that in May, 2013, shortly before Milstein filed the voluntary discontinuance on June 13, 2013, Tower filed a declaratory judgment action: **Tower at Oak Hill Condominium Association v.**
*(Footnote Continued Next Page)*

With regard to the bullet items listed by Tower, there is no claim that discovery from the Milstein action cannot be applied to the Township action. Furthermore, Tower has asserted the "dispositive ruling" regarding Milstein's 2011 request for injunctive relief as a defense in preliminary objections to Milstein's complaint filed in the Township action. Accordingly, based on our careful review, we detect no abuse of discretion in the trial court's conclusion that Tower would not be prejudiced by the discontinuance.

Lastly, Tower argues the trial court abused its discretion in refusing to stay or enjoin the Township action based on *lis pendens*. However, we conclude this aspect of the appeal must be quashed.[9]

Precedent establishes that orders granting or denying a motion for stay are non-appealable interlocutory orders. ***Commonwealth v. Morris***, 771 A.2d 721, 728–729 (Pa. 2001); ***Farmers First Bank v. Wagner***, 687 A.2d 390, 391–392 (Pa. Super. 1997); ***Richardson Brands, Inc. v. Pennsylvania Dutch Co.***, 592 A.2d 77, 80 (Pa. Super. 1991); ***Grimme***

*(Footnote Continued)* —————————

***Zurich American Insurance Company***, C.C.P. Philadelphia, May Term 2013, No. 12983). ***See*** Milstein's Brief at 31.

[9] In this case, this Court issued rule to show cause orders as to why the appeal should not be quashed because it involves a request for a stay, or transferred to the Commonwealth Court because it involves the Township of Lower Merion. ***See*** Order, 1355 EDA 2014, 5/27/2014; Order, 1356 EDA 2014, 5/21/2014. Tower responded to the orders, and this Court discharged the rule to show cause orders. However, this Court advised the parties that "the issue may be revisited by the panel to be assigned to this case." Order, 1355 EDA 2014, 7/8/2014; Order, 1356 EDA 2014, 7/8/2014.

***Combustion, Inc. v. Mergentime Corp.***, 560 A.2d 793, 794 (Pa. Super. 1989). Therefore, we quash Tower's appeal from the portion of the trial court's order refusing to stay the Township action.

Based on the foregoing, we affirm that portion of the trial court's order that denied Tower's motion to strike the discontinuance. We quash the appeal from that portion of the trial court's order that refused to stay the Township action.

Order affirmed as to the denial of Tower's motion to strike discontinuance; appeal quashed as to the denial of Tower's request for a stay of the Township action.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2015