J-A29018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| E. DALE KUNKLE AND HELEN L. KUNKLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT G. POYDENCE | |
| Appellant | |
| v. | |
| CARL M. VINCE | No. 48 WDA 2016 |

Appeal from the Order December 8, 2015
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 8870 OF 1995

BEFORE:  DUBOW, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:          **FILED FEBRUARY 8, 2017**

Robert G. Poydence appeals *pro se* from the December 8, 2015 order granting in part and denying in part E. Dale Kunkle's motion requesting reimbursement for fees and costs and denying Kunkle's motion for permission to record corrective deeds without prejudice.[1]  We affirm.

This appeal arises out of a property dispute among neighbors that dates back to 1989.  The parties agreed that excess land existed, but the parties were unable to establish where the excess land was located or who

_____

[1] Helen L. Kunkle passed away prior to the filing of the motion.

owned the excess land. The trial court found neither party proved the land was deeded to him.[2]

On August 19, 2013, Poydence filed an emergency motion for special relief and/or to enforce judgment. Poydence claimed Kunkle caused damage to his property by cutting down bushes and inserting steel pins into his driveway. On August 26, 2013, the trial court ordered that both parties maintain the *status quo* regarding the disputed ground and ordered that neither party access the disputed ground.[3]

On December 26, 2013, Kunkle filed a motion to dismiss the emergency petition. That same day, the trial court dismissed the emergency petition for special relief. The trial court further ordered that the terms and conditions of its August 2013 order were to remain in effect. Poydence filed a timely notice of appeal. On December 11, 2014, this Court affirmed the trial court order dismissing the emergency petition.[4] On May 20, 2015, the

_____

[2] For a more detailed history of the underlying property dispute, see this Court's memorandum addressing a prior appeal. **See** Memorandum at 1-15, **Kunkle v. Poydence**, No. 157 WDA 2014 (Pa.Super. filed Dec. 11, 2014) ("Dec. 11, 2014 Mem.").

[3] The most recent dispute originally involved only Poydence and E. Dale Kunkle. However, on September 30, 2013, Poydence filed a motion to amend the caption to add Carl M. Vince as a defendant, which the trial court granted. Poydence also filed an emergency petition for special relief and/or to enforce judgment against Vince. Vince did not file an appellate brief and does not appear to be involved with the motion for fees and costs.

[4] In affirming the trial court's order, this Court found that Kunkle's petition was an attempt to re-litigate the prior claims regarding ownership of
*(Footnote Continued Next Page)*

Pennsylvania Supreme Court denied Poydence's petition for allowance of appeal.

Subsequently, Poydence filed a complaint in the Magisterial District Court ("district court") seeking reimbursement for alleged damage to the shrubs and driveway.[5]  On September 16, 2015, Kunkle filed with the trial court a motion requesting reimbursement for fees and costs incurred.  On December 8, 2015, the trial court awarded Kunkle $300.00 in counsel fees for defending the motion filed in district court, but denied the request for fees and costs spent defending the emergency motion.  Kunkle also filed a motion requesting permission to record corrective deeds, which the trial court denied without prejudice.  On January 6, 2016, Poydence filed a timely notice of appeal.[6]

Poydence raises the following issues on appeal:

I. Whether the Trial Court erred as a matter of law and/or by the abuse of discretion by granting attorney fees after

_(Footnote Continued)_ _____

the property and, therefore, the doctrines of _res judicata_ and collateral estoppel prevented appellate review.  Dec. 11, 2014 Mem. at 18-19.

[5] According to Poydence's brief, the district judge denied relief and an arbitration appeal is pending.

[6] Poydence also filed a motion for reconsideration on December 18, 2015, which the trial court denied on January 12, 2016.  Because the 30-day appeal period had expired, the trial court lacked jurisdiction to enter the order denying the motion for reconsideration.  **_See Mfrs. and Traders Tr. Co. v. Greenville Gastroenterology, SC_**, 108 A.3d 913, 918 (Pa.Super. 2015) (trial court loses jurisdiction to consider motion for reconsideration where it did not act on the motion within appeal period).

the trial court specifically instructed appellant at oral arguments to go [to] the magistrate for said damages, and that appellant was not acting arbitrarily, vexatious, or without sufficient grounds as required by Pennsylvania Judicial Code at 42 Pa.C.S.A. §2503(9).

II. Whether the [Trial] Court erred as a matter of law and/or by the abuse of discretion by not dismissing appellee's Motion Requesting Permission To Record Corrective Deeds with prejudice by way of res judicata and collateral estoppel in light of the fact that the prior lower court twice dismissed appellee's claims to the said ground "wherever located".

Poydence's Br. at 8.

In his first issue, Poydence challenges the trial court's order awarding Kunkle $300.00 in counsel fees for defending Poydence's motion for reimbursement in the district court.[7]  Our review of a trial court order awarding counsel fees is:

limited solely to determining whether the trial court palpably abused its discretion in making a fee award. **In re Estate of Liscio**, 432 Pa.Super. 440, 444, 638 A.2d 1019, 1021 (1994), *appeal denied,* 539 Pa. 679, 652 A.2d 1324 (1994).  If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the

_____

[7] The trial court states that Poydence's appeal may not be from a final, appealable order.  We disagree.  This Court affirmed the order addressing the motion for extraordinary relief, and no additional proceedings from which an appeal could be taken will occur in the future.  Accordingly, we conclude the order addressing the request for counsel fees is a final, appealable order.  **See Kulp v. Hrivnak**, 765 A.2d 796 (Pa.Super. 2000) (discussing prior finality determinations regarding orders granting and denying counsel fees and finding order final and appealable, even though party did not challenge merits of the dismissal of the underlying action, because they will have no subsequent chance to appeal the order).

relevant statute providing for the award of attorney's fees, such award should not be disturbed on appeal. ***Id.***

***Berg v. Georgetown Builders, Inc.***, 822 A.2d 810, 816 (Pa.Super. 2003) (quoting ***Thunberg v. Strause***, 682 A.2d 295, 299 (Pa. 1996)).

A party is entitled to reasonable counsel fees where he or she is awarded fees "because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S. § 2503(9). The Pennsylvania Supreme Court has prescribed the factors that courts should consider in determining whether litigation was commenced arbitrarily, vexatiously or in bad faith:

> The statutory provision at 42 Pa.C.S. § 2503(9) expressly permits a trial court to award reasonable counsel fees to a litigant when, *inter alia,* that litigant's opponent initiated the action arbitrarily, vexatiously *or* in bad faith. An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature. An opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance. Finally, an opponent can be charged with filing a lawsuit in "bad faith" if he filed the suit for purposes of fraud, dishonesty or corruption.

***Berg***, 822 A.2d at 816 (quoting ***Thunberg***, 682 A.2d at 299–300) (internal citations omitted) (emphasis in original).

Poydence filed a motion in district court seeking reimbursement for alleged damage to the shrubs and driveway after: (1) the trial court found that neither party proved that he had title to the disputed property, and this Court affirmed; (2) the trial court ordered that neither party could enter the

disputed land; and (3) the trial court denied his emergency motion seeking relief for damage done to the shrubbery and driveway, and this Court affirmed. The trial court awarded counsel fees spent defending the motion in district court, as the motion was frivolous. The issue of whether Poydence was entitled to relief due to damage to the disputed property had already been decided by the trial court, and affirmed by this Court. The trial court did not abuse its discretion in awarding Kunkle counsel fees related to defending against Poydence's frivolous motion for reimbursement.[8]

Poydence next argues the trial court erred when it dismissed Kunkle's motion to correct deed without prejudice because it should have dismissed the motion with prejudice.

We review a trial court's decision to deny a motion without prejudice for an abuse of discretion. *Cf. Marra v. Smithkline Beecham Corp.*, 789 A.2d 704, 706 (Pa.Super. 2002) (noting whether "to grant a discontinuance without prejudice rests within the discretion of the trial court"). We discern

---

[8] Poydence argues that, at oral argument on his emergency motion, the trial court instructed him to seek reimbursement for the damage to the bushes and driveway in the district court. The certified record, however, does not contain a transcript of this proceeding. It is the appellant's duty "to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.*, 804 A.2d 31, 34 (Pa.Super. 2002) (quoting *Hrinkevich v. Hrinkevich*, 676 A.2d 237, 240 (Pa.Super. 1996)).

no abuse of discretion from the trial court's decision to deny the motion to correct the deed without prejudice.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/2017