J. A10040/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUSANNE WALLACE, | : | IN THE SUPERIOR COURT OF |
| ADMINISTRATRIX OF THE ESTATE OF | : | PENNSYLVANIA |
| JANENE WALLACE, DEC. | : | |
| | : | |
| v. | : | |
| | : | |
| COMMUNITY EDUCATION | : | |
| CENTERS, INC., | : | No. 2352 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered June 28, 2016,
in the Court of Common Pleas of Delaware County
Civil Division at No. 15-009332

BEFORE:  DUBOW, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 10, 2017**

Community Education Centers, Inc. ("CEC") appeals from the June 28, 2016 order entered in the Court of Common Pleas of Delaware County that denied its motion to strike discontinuance of an action filed by appellee Susanne Wallace, administratrix of the estate of Janene Wallace, deceased ("Wallace"), against CEC.  We affirm.

The trial court set forth the factual history, as gleaned from Wallace's complaint, as follows:

> Janene Wallace (hereinafter "[Wallace's] decedent")
> was an inmate at George Hill Correctional Facility.
> That correction[al] facility is operated by [CEC].
> [Wallace] is the mother of [the] decedent[, Janene
> Wallace].  It is alleged that [Wallace's] decedent
> suffered from mental illness which was known or

should have been known by the correctional officers at [CEC's] facility. On May 22, 2015, [Wallace's] decedent was seen by a medical care provider, and it was recommended that she be seen in the psychiatric unit on the following day. [Wallace's] decedent was seen by a psychiatrist and cleared to return to her unit in general housing. On May 26, 201[5], while in her cell [Wallace's] decedent allegedly stated to a correction[al] officer that she was going to choke herself and covered her cell window. No one from the correctional facility visually checked on [Wallace's decedent] for a period of approximately fifty (50) minutes thereafter. During this time, [Wallace's] decedent hung herself from a vent in the cell. Although medical staff tried to resuscitate [Wallace's] decedent, she was pronounced dead at the correctional facility. The post mortem examination of [Wallace's] decedent revealed numerous bruises on her legs, chest and arms.

Trial court opinion, 9/20/16 at 2-3.

The trial court set forth the following procedural history:

[CEC] has appealed from this Court's Order of June 28, 2016 denying its Motion to Strike Discontinuance in this correctional facility liability action involving the George Hill Correctional Facility located in Delaware County, Pennsylvania. In its Motion to Strike Discontinuance, [CEC] requested this Court to strike the Praecipe to Discontinue Action Without Prejudice that [Wallace] had filed on February 9, 2016. That Pra[eci]pe was filed to discontinue this action after [Wallace] had filed a Complaint in the Court of Common Pleas of Philadelphia County. In this action, [Wallace] named only [CEC] as a defendant. In the Philadelphia County action, [Wallace] named [CEC] and one of its correctional officers as defendants.

On October 23, 2015, [Wallace] instituted this action by filing a Pra[eci]pe for Writ of Summons. [Wallace] then undertook pre-complaint discovery by

serving a Request for Production [of] Documents and Interrogatories. On November 13, 2015, [CEC] filed a Praecipe for Rule to File Complaint. On February 1, 2016, [Wallace] filed a Complaint in the Court of Common Pleas of Philadelphia County against [CEC] and Chamara Prince [("Defendant Prince")], a correctional officer employed by [CEC] at the facility where the incidents giving rise to [Wallace's] cause of action are alleged to have occurred. Defendant Prince is a Philadelphia County resident and her identity was first made known to [Wallace] in [CEC's] responses to [Wallace's] pre-complaint discovery in this action. On February 9, 2016, [Wallace] filed a Praecipe to Discontinue Action Without Prejudice pursuant to Pa. R.C.P 229 to discontinue the action filed in this Court.

On February 19, 2016, [CEC and Defendant Prince] in the Philadelphia County action filed a Notice of Removal in order to move that action to federal court. On February 23, 2016, The Honorable Wendy Beetlestone of the United States District Court for the Eastern District of Pennsylvania entered an Order to Show Cause, requiring [CEC and Defendant Prince] to show cause why the case should not be remanded for lack of subject matter jurisdiction. Thereafter, on March 1, 2016, [CEC and Defendant Prince] filed a Motion to Withdraw Notice of Removal and Remand Case to State Court. That Motion was granted and [Wallace's] cause of action remains pending in [the] Court of Common Pleas of Philadelphia County.

On May 4, 2016, [CEC] filed its Motion to Strike Discontinuance with a supporting memorandum of law. On May 24, 2016, [Wallace] filed a response with a supporting memorandum of law. On June 28, 2016, this Court entered an Order denying [CEC's] Motion and the instant appeal ensued.

*Id.* at 1-2.

The record further reflects that CEC filed a timely notice of appeal to this court. Thereafter, CEC complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

1. Did the trial court err in failing to apply binding precedent in denying [CEC's] Motion to Strike Discontinuance?

2. Did the trial court err when it misapplied the case law by relying upon cases that did not have the appropriate facts to apply the rule of law set forth in **Brown v. T.W. Phillips Gas & Oil Co.**, 74 A.2d 105, 108 ([Pa.] 1950)?

3. Did the trial court err when it attempted to distinguish the facts of **Brown**[], 74 A.2d [at] 108 [] and **Pohl v. NGK Metals Corp.**, 936 A.2d 43 (Pa.Super. 2007) to the instant case where the elements in **Brown** and the intent of **Pohl** to prevent "forum shopping" were met under the facts of the instant case?

Appellant's brief at 4 (parallel citations omitted).

Rule 229 provides, in relevant part, as follows:

**Rule 229.  Discontinuance**

(a)   A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

. . . .

(c)   The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable

> inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.C.P. 229(a), (c).

A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance. However, the discontinuance is subject to be stricken for cause shown:

> The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some unjust disadvantage to the defendant or some other interested party[.]

A discontinuance that is prejudicial to the rights of others should not be permitted to stand even if it was originally entered with the expressed consent of the court.

In determining whether to strike a discontinuance, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted. In *Foti* [*v. Askinas*, 639 A.2d 807 (Pa.Super. 1994)], the case had been pending for approximately five years at the time of the discontinuance. Depositions had been taken, interrogatories exchanged and several motions ruled on by the court. This Court ultimately held that the trial court had abused its discretion in granting the discontinuance where appellants, who endured the burden of litigating the initial suit for almost five years, may again be subjected to the same litigation.

Additionally, discontinuances may be improper where there is a dispositive motion pending. In *Nichols* [*v. Horn*, 525 A.2d 1242 (Pa.Super. 1987)], this Court concluded the trial court abused its discretion by refusing to strike a discontinuance where a motion

for summary judgment was pending. This Court explained:

> We think prejudice has been shown where, as here, a motion for summary judgment has been filed and the party seeking to strike the discontinuance would be entitled to summary judgment if the discontinuance was not allowed. Under these circumstances, the court abused its discretion in refusing to find prejudice.
>
> Our courts have also held that discontinuances are improper where it is apparent that the purpose of plaintiffs' discontinuance is to "forum shop." In **Brown** [**v. T.W. Phillips Gas & Oil Co.**, 74 A.2d 105 (Pa. 1950)], the plaintiffs sought to discontinue their case in an effort to pursue a similar action that had begun in federal court. The Court explained, "[O]nce the jurisdiction of a competent court has attached, discontinuance of the action ought not to be permitted over objection of the adversary if the only reason for discontinuing is the plaintiff's desire to institute action for the same cause in another forum." **Id.** at 108.[]

**Pohl v. NGK Metals Corp.**, 936 A.2d 43, 46-47 (Pa.Super. 2007) (numerous internal citations and quotation marks omitted).

Of course, "[t]he decision to grant a discontinuance without prejudice rests within the discretion of the trial court, and the ruling will not be reversed absent an abuse of discretion." **Marra v. Smithkline Beecham Corp.**, 789 A.2d 704, 706 (Pa.Super. 2001) (citations omitted). A party challenging a trial court's exercise of discretion bears a "heavy burden." **Id.** (citation omitted).

It is not sufficient to persuade the appellate court that it might have reached a different conclusion under the same factual situation. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Id.* (citation omitted).

Here, although CEC sets forth three issues in its brief, a reading of that brief reveals that the gravamen of CEC's complaints is that the trial court abused its discretion in denying its motion to strike discontinuance because Wallace's sole reason for discontinuing the Delaware County action was to forum shop, which *Brown* prohibits. As such, CEC faults the trial court for considering all facts and weighing equities when it denied CEC's motion to strike discontinuance because, according to CEC, its motion should have been granted without consideration of all facts and without weighing equities because Wallace, "despite willingly filing this case in Delaware County and conducting discovery here, has now discontinued this case and re-filed an identical case in Philadelphia County for no purpose other than to forum shop." (CEC's brief at 19.)

Contrary to CEC's contention, the record reflects that Wallace initiated an action against CEC in Delaware County by filing a praecipe for writ of summons. In her memorandum of law in support of her opposition to CEC's motion to strike, Wallace averred that she initiated the action in Delaware

County because Pa.R.Civ.P. 1006(a.1) requires that a medical professional liability action must be brought in the county in which the cause of action arose. *See* Pa.R.Civ.P. 1006(a.1) (requiring that "a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose"). Therefore, because Wallace believed that she may have had a medical professional liability claim against CEC, she filed her praecipe for writ of summons in Delaware County because the rules of civil procedure required her to do so, as Delaware County is the county in which the cause of action arose. (Wallace's Memorandum of Law in Support of [Wallace's] Response in Opposition to [CEC's] Motion to Strike Discontinuance, 5/24/16 at 12.)

The record further reflects that prior to initiating the action, Wallace's counsel sent a letter to CEC regarding CEC's duty to preserve evidence. (*Id.* at Exhibit A.) In that letter, Wallace also requested the opportunity to view "videos or photographs of the incident and events prior to Wallace's [decedent's] death." (*Id.*) In response, CEC's insurance carrier advised Wallace's counsel that "it is [CEC's] policy not to make materials or documents available for review without being legally compelled to do so." (*Id.* at Exhibit B.) As such, Wallace filed her praecipe for writ of summons, followed by limited pre-complaint discovery requests. (*Id.* at Exhibits C & D.) In CEC's answers to those discovery requests, Wallace learned of

Defendant Prince's existence, as well as Defendant Prince's potential role in Wallace's decedent's death. Wallace also learned that her claims against CEC sounded in negligence, as opposed to professional medical liability. Therefore, Wallace praeciped to discontinue her Delaware County action, an action in which she never filed a complaint. She then instituted an action sounding in negligence against CEC and Defendant Prince by filing a complaint in Philadelphia County, where CEC does business and where Defendant Prince resides. As such, the record belies CEC's bald assertion that Wallace "re-filed an identical case in Philadelphia for no purpose other than to forum shop." (CEC's brief at 19.)

Moreover, in its thoughtful opinion, the trial court, as required, considered all facts and weighed equities when it concluded that the discontinuance did not expose CEC to any "unreasonable inconvenience, vexation, harassment, expense[,] or prejudice" and denied CEC's motion to strike. (Trial court opinion, 9/20/16 at 10.) *See* Pa.R.Civ.P. 229(c) ("[a] court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."). Indeed, CEC advances no claim that its motion to strike discontinuance should have been granted because such relief was necessary to protect CEC's rights. Rather, CEC asserts, without one scintilla of record support, that its motion to strike should have been granted because Wallace's only purpose for discontinuing

was to forum shop and, consequently, based on the following language from

**Brown** the trial court was compelled to grant its motion to strike:

> [O]nce the jurisdiction of a competent court has attached, discontinuance of the action ought not be permitted over objection of the adversary if the only reason for discontinuing is the plaintiff's desire to institute an action for the same cause in another forum.

Appellant's brief at 9, 14, 15, 20, citing **Brown**, 74 A.2d at 108. The record,

however, belies CEC's claim. Consequently, we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017

- 10 -